CATALINO RAMOS GÓMEZ, demandante y apelante, *v.* PEDRO RÍOS RODRÍGUEZ, demandado y apelado.

Número 11302.
*Sometido:* 19 de junio de 1956. *Resuelto:* 26 de noviembre de 1956.

*J. M. Toro Nazario,* abogado del apelante; *Gloria M. Mimoso de Laguna,* abogada del apelado.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

En este caso el tribunal a quo resolvió (1) que el procedimiento ejecutivo hipotecario seguido por el acreedor Julio Rivas Soto era válido, (2) que el demandante-contrademandado no era un adquirente pendente lite y que en su consecuencia no se había infringido el art. 71 de la Ley Hipotecaria, (3) que el demandado-contrademandante había adquirido por prescripción ordinaria la finca en litigio.

Al revocar la sentencia apelada y devolver el caso para ulteriores procedimientos, confirmamos los anteriores pronunciamientos, excepto el último de ellos.  Sostuvimos que el demandado no había adquirido por prescripción ordinaria porque él no era un adquirente de buena fe y al efecto nos expresamos en la siguiente forma:

"....Aceptando que en el aquí demandado y apelado concurre el requisito de la posesión continuada por el término legal e igualmente el requisito del justo título, no podemos convenir con el tribunal sentenciador en que su posesión haya sido de buena fe.  Si ésta falta no hay prescripción ordinaria. *Saurí* v. *Echevarría,* 51 D.P.R. 73.  'La buena fe del poseedor—declara el art. 1850 del Código Civil—consiste en la creencia de que la persona de quien recibió la cosa era dueña de ella y podía transmitir su dominio.'  Cuando el apelado compró, sabía por el Registro, que ni el vendedor ni la persona de quien éste traía título, podían transmitir el dominio de la cosa por encontrarse aquél inscrito a nombre de persona distinta [el causante del demandante y apelante] y atribuyéndosele ese conocimiento por razón de que él no podía ignorar lo que el Registro hacía público, su posesión no puede cosiderarse de buena fe.  En su consecuencia, el tribunal a quo cometió error al resolver que el apelado había adquirido el dominio de la finca en litigio por prescripción." *Ramos* v. *Ríos,* 78 D.P.R. 619, 625.

Al solicitarse la reconsideración hemos reexaminado esta última cuestión a la luz de la nueva argumentación de las

partes y opinamos que el tribunal a quo resolvió correctamente que el apelado era un adquirente de buena fe. Sostuvimos originalmente lo contrario basándonos en el conocimiento que se le atribuía al apelado cuando éste compró de las constancias del Registro donde figuraba el dominio de la finca en litigio inscrito a nombre de Prudencio Ramos Rodríguez, causante del demandante-apelante. En esto estuvimos equivocados.

"La buena fe del poseedor—declara el art. 1850 del Código Civil (Ed. 1930)—consiste en la creencia de que la persona de quien recibió la cosa era dueña de ella y podía trasmitir su dominio." El demandado-apelado adquirió la finca en litigio por compra, que de ella hiciera mediante escritura pública, a don Domingo García y su esposa, doña Joaquina Rivera, quienes a su vez la habían comprado en igual forma a don Julio Rivas Soto, el acreedor hipotecario que ejecutó su crédito en un procedimiento válido y a quien se le adjudicó la finca en subasta pública. El título del apelado es un justo título, verdadero y válido. Es justo porque legalmente basta para transferir el dominio. Es verdadero porque no es falso o simulado, y es válido porque reune los requisitos internos y externos necesarios para que surta efectos jurídicos. Es cierto, según hemos repetido ya, que cuando el apelado adquirió la finca, ésta figuraba inscrita en el Registro de la Propiedad a nombre del causante del apelante. Mas por ese solo hecho no podemos atribuirle mala fe· Él trae título de quien adquirió legalmente en subasta judicial, Julio Rivas Soto. Cuando a éste se le hizo la adjudicación, la finca figuraba inscrita en el Registro, a nombre de las personas contra quien se había seguido el procedimiento ejecutivo. El márshal le adjudicó la finca en 6 de febrero de 1931 y no fué hasta el día 19 del mismo mes y año que se hizo la inscripción a nombre del causante del apelante, quien había adquirido la finca sujeta al mismo gravamen hipotecario que fuera ejecutado por Rivas Soto.

↩ Todo ello, unido al hecho de que Rivas Soto tomó posesión material de la finca una vez le fuera adjudicada la misma y que sus sucesores en título continuaron disfrutando de esa posesión, pública, quieta y pacíficamente y en concepto de dueños, (¹) son suficientes para justificar la creencia de que don Domingo García y su esposa, causantes del apelado, eran dueños de la finca y podían trasmitir su dominio. Después de todo, la inscripción en el Registro no da ni quita derechos. Véase Sentencia del Tribunal Supremo de España de 5 de junio de 1928. La creencia del poseedor de que la persona de quien recibió la cosa era dueño de ella y podía trasmitir el dominio, debe ser una *creencia fundada*. *Capó* v. *A. Hartman & Cía.*, 57 D.P.R. 196; 12 Manresa, Código Civil Español (5ª ed.) 877.

La creencia que tuvo el apelado de que sus causantes eran los dueños de la finca y podían trasmitir su dominio no está desprovista de fundamento. No es un hecho inductor de la mala fe del poseedor [el apelado] el que fuera necesario seguir algún procedimiento judicial para anular la inscripción de dominio hecha en el Registro a favor del causante del demandante-apelante. (²) Lo fundamental era si había base para determinar que frente a esa inscripción estaba la realidad jurídica de que la finca no pertenecía al titular registral y sí a los que traían título del acreedor hipotecario

---

(¹) La circunstancia de la buena fe ha de ir unida a la posesión legal para que ésta pueda surtir el efecto de ganarse por ella la prescripción adquisitiva ordinaria. 12 Manresa, Código Civil Español, (ed. 5ª) pág. 879.

(²) El caso de *Gaztambide* v. *Sucn. Ortiz*, 70 D.P.R. 412, es distinguible. Allí resolvimos que un contrato de hipoteca sobre bienes inmuebles gananciales y privativos agrupados indebidamente, era inexistente y que por ende, el procedimiento sumario para ejecutar dicha hipoteca fué una absoluta nulidad. Constando estos hechos del Registro, los sucesores en título del adjudicatario en la subasta, no podían alegar la condición de poseedores de buena fe. Los hechos en el presente caso, según hemos explicado en el cuerpo de esta opinión, son diferentes. Aquí el procedimiento ejecutivo sumario fué válido y lo único que impedía la inscripción del título adquirido en la subasta pública, era el asiento que se había practicado a nombre del causante del demandante-apelante, quien según ya hemos dicho, adquirió la finca sujeta al gravamen que dió origen al procedimiento ejecutivo sumario.

y adjudicatario de la propiedad. Todo tiende a indicar que éstos y no aquél eran los verdaderos dueños. En su consecuencia, la posesión del apelado reune el requisito de la buena fe y su título de dominio se ha consolidado por la prescripción ordinaria.

En vista de la anterior conclusión, carecen de aplicación a los hechos de este caso las disposiciones del art. 1362 del Código Civil (ed. 1930), referente a la doble venta. Cuanto dijimos en nuestra opinión en relación con el precitado artículo, queda abierto a futura consideración bajo hechos adecuados.

*Por las razones expuestas debe dejarse sin efecto nuestra sentencia y en su lugar dictarse otra confirmando la apelada.*