**José Manuel JUARBE ALICEA, in his legal capacity as legal guardian of Jovita Alicea Gerena, Plaintiff,**

**v.**

**JUARBE AUTO SALES, INC., Defendant and Cross-Defendant.**

**UNITED STATES of America, (Small Business Administration) Defendant, Cross-Claimant, and Third-Party Plaintiff,**

**v.**

**Bienvenido JUARBE and his wife Isabelita Febo De Juarbe, Third-Party Defendant.**

**Civ. No. 82–0415 (JAF).**

United States District Court, Puerto Rico.

June 30, 1986.

Hiram A. Melendez Rivera, Hato Rey, P.R., Margarita Marchan Cuevas, Evanston, Ill., José Raúl Cancio, for plaintiffs.

E.M. De Jesus, U.S. Atty., for U.S.

### ORDER

FUSTE, District Judge.

This is an action instituted by José Manuel Juarbe Alicea, in his capacity as legal guardian of Jovita Alicea Gerena. Plaintiff seeks judgment to the effect that Jovita Alicea Gerena's creditor rights guaranteed by a deed of first mortgage is superior and has preference over the other lienholder, the Small Business Administration. The facts have been stipulated by the parties.

Juarbe Auto Sales, Inc., a local corporation, is the owner in fee simple of the following property:

*Urbana*: Solar marcado con el número uno (1) del Bloque M, radicado en la

Urbanización Héctor A. Piñeiro, situado en los barrios Martín Peña y Hato Rey de San Juan, con una cabida superficial de MIL SETECIENTOS NOVENTA Y TRES PUNTO TREINTA Y DOS (1793.-32) METROS CUADRADOS, colindando por el norte, en sesenta punto sesenta y cuatro (60.64) metros con la Calle Quisquella; por el sur, en cincuenta y dos (52.-00) metros, con el solar número dos (2) del Bloque M; por el este, en veinticinco punto treinta (25.30) metros, con el solar número diez (10) del Bloque M; y por el Oeste, en treinta y ocho punto setenta y siete (38.77) metros, con la Calle Número Seis (6).

The property was bought from Las Monjas Development Corporation through Deed of Sale Number 7, executed on January 30, 1962. The transaction was recorded at Page 81 of Volume 728, Río Piedras Norte, property number 20,956, first inscription.

Before August 29, 1975, plaintiff Jovita Alicea Gerena and her husband Bienvenido Juarbe Rosado obtained a divorce. On said date, Bienvenido Juarbe Rosado, as president of Juarbe Auto Sales, Inc., subscribed a promissory note payable to Jovita Alicea Gerena, for the sum of $172,961.16. The principal obligation was guaranteed by a mortgage executed on August 29, 1975, the notary public being Arnaldo Villamil. The transaction which resulted in the mentioned obligation and mortgage lien was part of the community property settlement and liquidation between Jovita Alicea Gerena and Bienvenido Juarbe Rosado, following their divorce. The deed, identified as Number 11, was filed for recording purposes before the Registry of Property of San Juan, Second Section, on March 12, 1976. The deed remained filed for recording and lienranking purposes on said date. The record of filing appears at entry number 139, Book of Daily Entries Number 197, property number 20,956. For reasons unknown, the actual recording did not take place until May 19, 1981.

On September 26, 1980, Juarbe Auto Sales, Inc. applied for a loan with the Small Business Administration in the sum of $150,000. At the time of the application, Juarbe Auto informed Small Business that it would execute as guarantee for the loan a second mortgage over the property described herein. During the transmittal of the application, Small Business always dealt with Juarbe Auto with the understanding, or at least with knowledge, that a first mortgage lien already encumbered the property in favor of Jovita Alicea Gerena. (Exhibits E, G, I). At the time of the closing, Small Business discovered through a title search submitted by Juarbe Auto, that the first mortgage was not recorded. Therefore, the mortgage deed executed between Juarbe Auto and Small Business was drafted as to constitute a first-ranking mortgage. Language to said effect was included in the deed. The deed was signed by Bienvenido Juarbe Rosado, as president of Juarbe Auto Sales, Inc., on January 30, 1981.

As the Registry of Property now reflects, the second transaction was recorded, by means of Deed Number 23, dated January 30, 1981, before notary public Jorge L. Ramos Rodríguez, at page 151 of Volume 841, Río Piedras Norte, Registry of Property, Second Section of San Juan, property number 20,956, fifth recording. The original transaction was eventually recorded at page 151 of Volume 841, same Registry of Property, same property number, sixth recording.

On June 25, 1981,[1] more than six months after the signing of the second mortgage deed, Juarbe Auto Sales and Ms. Alicea-Gerena's attorney requested from Small Business that they subordinate voluntarily the rank of the latter mortgage. It was stated that the first mortgage in favor of Jovita Alicea Gerena had not been recorded earlier due to an error of the Registry of the Property. Plaintiff states that she acquired knowledge of her non-registered mortgage right on May 19, 1981. Because of that fact, Small Business was approached so as to reach an agreement for the subordination of their rank. Small

---

1. Loan with Small Business was in arrears by November 1, 1981.

Business, following recommendations from their legal department, decided not to subordinate.

Plaintiff instituted the foregoing action at the Superior Court of Puerto Rico. Small Business removed the case to this Court pursuant to 28 U.S.C. Secs. 1441(a), (b), 1442(a)(1), and 1446.

Small Business claims that the inaccuracy of the Registry of Property does not affect the proprietary interest of the parties, that is, title to the property. However, Small Business claims that when the ranking of mortgage is in issue, a mortgage preferential right cannot be claimed by plaintiff, inasmuch as the mortgage as such accrues once the same is actually recorded and not when the documents are filed. Since the second transaction was recorded ahead of the first transaction, Small Business claims a preferential lien. To the contrary, plaintiff claims that Small Business always had knowledge of the existence and validity of the earlier transaction; that at the time of closing of the second transaction, Small Business had knowledge of the complete factual scenario, including amounts due and owing on the first transaction; and, lastly, that Small Business did not act in good faith when it discovered the inaccuracy of the Registry of Property and went ahead to gain advantage by giving first rank to the second transaction. Plaintiff claims that the inaccuracy of the Registry could not create a first-ranking mortgage status when Small Business knew of the earlier execution of a first mortgage and of its earlier filing for recording purposes.

The Registry of Property of Puerto Rico operates under the Commonwealth's Department of Justice. It keeps track of titles of ownership and liens. It also creates rights with omnibus effects. However, the act of recording a title or a lien does not afford an absolute protective shield over an act which is not realized in accordance with the law. Law No. 143 of June 14, 1980,

art. 105, 30 L.P.R.A. Sec. 2355 (Mortgage Law).

The mortgage law recognizes the fact that an inscription or recording may not reflect the real status of the property; therefore, in its article 110, 30 L.P.R.A. Sec. 2360, a process of rectification of inaccuracies is reserved for the benefit of "the title holder of dominion or *real right* which is not recorded, which is recorded erroneously, or which is impaired by the inaccurate entry."[2] (Emphasis added). Article 151 of the law, 30 L.P.R.A. Sec. 2502, provides that when a required correction affects a third party's rights, the same can be accomplished if (a) the third party consents, or (b) a judicial order is entered to that effect. Since Small Business did not consent to the rectification of the first mortgagor, the instant case was instituted.

To determine whether Small Business' mortgage rank is superior to that of plaintiff, we need to examine if Small Business qualifies as a third party acting in good faith, as it regards the ranking of the mortgage liens. In this jurisdiction, the rule of law is that for a mortgage lien to be valid and enforceable against third parties, the same must be executed through a public deed before a notary public and be recorded. Article 1774 of Puerto Rico's Civil Code, 31 L.P.R.A. Sec. 5042, *Rosario-Pérez v. El Registrador de la Propiedad*, 84 J.T.S. 53 (per curiam). As it relates to the mentioned law requirement, the Supreme Court of Puerto Rico has recognized that,

[t]he rank or exclusionary preference obtained with the presentation at the registry in accordance with the principle of first in time, first in right is not final and unappealable. There is recourse to the courts of justice to litigate the questions affecting the validity of the preference earned at the registry.

*Pascual v. Fernández Sierra*, 108 P.R.R. 426 (1979). In the Supreme Court case of *Pascual*, at 429, the Court established that those who recur to the Registry of the

---

**2.** The English version of the Mortgage Law of 1979 represents a forced translation from Spanish. The Spanish version must be looked at in order to get the proper meaning of terms in a civil-law context.

Property should do so with "clean hands" so as to achieve the benefits of the protection it affords. The purpose of the inscription should be to reflect the extra-registral reality, not to perpetuate a right which the party who seeks its perpetuation knows to be false or at error. The Registry of Property is not an institution created to sanction injustice or mistake. It does not by itself create or take away rights. *Ramos v. Ríos*, 79 D.P.R. 738 (1960). For Small Business to prevail in the claim of superior lien rank, Small Business must also be a *bona fide* third party related to the subsequent or second mortgage. Article 105, Mortgage Law, 30 L.P.R.A. Sec. 2355. This concept has been extended to liens, such as a mortgage. *Pascual v. Fernández*, 108 P.R.R. at 430.

The Small Business Administration had knowledge during the transmittal of the loan application filed by Juarbe Auto Sales of the previous mortgage and obligation in favor of the disabled Jovita Alicea Gerena. Said first mortgage had been filed at the Registry of Property. If it was registered as a junior lien, it was the Registry's fault and not plaintiff's fault. This disqualifies Small Business' claim as a first-ranking lienholder. The Agency knew that the Registry was in error. Plaintiff had properly appeared before the Registry when, on March 12, 1976, she filed a certified copy of the deed with the Registrar. The act of filing (referred to in civil law as the act of presentation) is the significant affirmative step that initiates the certifying and convalidating role of the institution of the Registrar. *H.F. Inc. v. Ruiz, Registrar of the Property*, 85 J.T.S. 47. Had there been no error by the Registry, the first lien's subsequent registration would have been retroactive to March 12, 1976.

Due to the above factual scenario and legal considerations, we hereby ORDER the Registrar of the Property of San Juan, Second Section, to correct its books to show as first mortgage lien creditor Jovita Alicea Gerena and as second mortgage lien creditor the Small Business Administration. If plaintiff wishes to foreclose on the mortgage, the foreclosure proceedings shall be filed before the Commonwealth's Superior Court.

IT IS SO ORDERED.