**UNITED STATES of America (SMALL BUSINESS ADMINISTRATION), Plaintiff,**

**v.**

**Carmelo VELEZ–VELEZ and Nereida Huertas–Fress, Defendants.**

**Civ. No. 80–0135CCC.**

United States District Court, D. Puerto Rico.

Sept. 10, 1991.

Daniel F. López–Romo, U.S. Atty. by Jose M. Pizarro–Zayas, Asst. U.S. Atty., Hato Rey, P.R., for plaintiff.

OPINION AND ORDER

CEREZO, District Judge.

This case, originally an action for the foreclosure of a mortgage, is now before the Court on a post-judgment motion filed by plaintiff United States of America (Small Business Administration) (docket entry 37). In its motion, the government has requested the issuance of an order to the Registrar of the Property of Puerto Rico, San Juan section IV, to cancel what it considers is an improperly registered mortgage which still encumbers one of the real estate properties foreclosed. The holders of the contested lien, the heirs of Mr. Eulo-

gio Colón–Díaz,[1] have opposed this motion (docket entry 39), claiming that the foreclosure procedure was never notified to them and was, therefore, defective.

The facts relevant to this dispute are, for the most part, not controverted by the parties. As revealed by the motion and supporting documents on file, they are as follows: on February 25, 1975, Mr. Carmelo Vélez–Vélez and his wife Mrs. Nereida Huertas–Fress executed Deed of Purchase and Sale Number 5 before Notary Public Américo Torres–Gónzalez, in which they acquired from Mr. and Mrs. Eulogio Colón–Díaz the property whose description is as follows:

> "RUSTICA. Predio de terreno radicado en el Barrio Quebrada Clara de Trujillo Alto, compuesto de dos hectáreas, veinte áreas, cero uno punto setenta y tres centáreas equivalentes a cinco punto cinco noventa y siete cuerdas, en colindancias por el NORTE, con la finca principal de la cual se segregó, por el SUR, con terrenos de Don Mariano y Doña Aida Flores, por el ESTE, con terrenos de Don Felipe Morales y por el OESTE, con la carretera estatal número ciento ochenta y uno."

This property appears registered in the Registry of Property of San Juan, Section IV, at page 210, volume 103 of Trujillo Alto, property number 4,579.

The property was bought for the total price of $51,000.00, of which amount Mr. and Mrs. Vélez made a down payment of $10,000.00 to the sellers. A bearer note was signed for the balance of $41,000.00, as payment of this amount was agreed to be postponed. This bearer note was guaranteed with a mortgage, which was also constituted in Deed Number 5. However, when the deed was filed for recording at the Registry of Property, the Registrar recorded only the sale of the property and not the mortgage. Nonetheless, a mention (*mención*)[2] of the latter was made in the Registry when the sale inscription was entered.

On August 3, 1976, Mr. Vélez–Vélez and Mrs. Huertas–Fress received from the Small Business Administration a secured loan, which was evidenced by a note executed by both of them in the principal sum of thirty five thousand dollars ($35,000.00) and made payable to the order of the Small Business Administration. For the purpose of securing the payment of the principal and interests of said note, the debtors mortgaged two of their properties, including the one previously acquired from the Colón–Díaz. Both these mortgages were registered in the Registry of Property on 1976.

The Veléz having failed to pay their loan installments as agreed with plaintiff, this action for the foreclosure of its mortgages was brought before the court in 1980. A judgment by default was entered in 1981, followed by an order of execution (1981), the judicial sale of the properties (1983) and confirmation of the sales by the court (1983). On June 19, 1984, a deed of sale was finally executed conveying title of the property here in question to the person who acquired it in the judicial sale, Mr. Neftalí Rosa–Rodríguez. The deed of judicial sale was then filed for its inscription at the Property Registry on March 20, 1985. Meanwhile, on May 4, 1984, precisely within the period after confirmation of the judicial sale by the Court and before execution of the deed of judicial sale, deed number five was again filed at the Registry, but this time just for the inscription of the mortgage which had appeared only as a mention since 1975. The Registrar then proceeded to register the said mortgage as requested, and it has remained so inscribed up to this date.

In its motion requesting cancellation of the mortgage, the government has argued that inasmuch as the mentioned mortgage was filed for recording after the expiration

---

1. As identified in the motion, these are his two sons, Mr. Angel Colón and Mr. Rubén Colón, and his widow Ms. María Rivera–Zayas.

2. As this Court has previously emphasized, the Spanish versions of Puerto Rico's Mortgage

Laws of 1893 and 1979 must be looked at in order to get the proper meaning of its terms in a civil law context. *Juarbe–Alicea v. Juarbe Auto Sales, Inc.,* 640 F.Supp. 110 (D.P.R.1986).

of the time period provided by the Mortgage Act of 1979 to request the inscription of mentioned rights, it was improperly registered and should be cancelled. The heirs of Mr. Eulogio Colón–Díaz, in their response to plaintiff's motion, have emphasized instead the fact that plaintiff already knew of the existence of the mortgage constituted in their favor in Deed number five when it agreed with the Veléz that a new mortgage be established over the property. They contend that plaintiff's previous knowledge and recognition of the existence of this mortgage expressly required it to notify the Colón–Díaz family of the initiation of the foreclosure proceeding and that its failure to do so has flawed the whole process.

■ We begin our discussion of the relevant legal issues by briefly pausing to examine the juridical figure of the *mención registral,* or mention, as an understanding of its nature is of extreme importance for the final disposition of the matter now before us. As defined by the Supreme Court of Puerto Rico, a mention "is a mere notice entered by the registrar of the existence of an unrecorded interest. It is a warning with respect to an interest but not the creation of an interest which already exists, although unrecorded...." *Miranda v. Registrar,* 45 P.R.R. 385, 387 (1933). In similar terms, the well known Spanish commentator Ramón Roca–Sastre has described it as "a mere indication of the existence of a lien or encumbrance on a property, made in an entry concerning the same." R. Roca–Sastre, III–3 *Derecho Hipotecario* 346, n. 1 (1948) (as quoted in *Póstigo v. Registrar,* 96 P.R.R. 535, 538 (1968)). Although the mention of a property right in the registry was not equivalent to its inscription, it did have several practical effects, among them to warn third parties of the existence of the still unrecorded right. Also, it served to secure a preferred ranking to the mentioned right, as once its inscription was requested the same would be made retroactive to the date it was first mentioned in the Registry. *See* Article 29 of the Mortgage Act of 1893, R. Roca–Sastre, *supra,* Brau del Toro, *Apuntes para un curso sobre el estado del Derecho Inmobiliario Registral Puertorriqueño bajo la Ley Hipotecaria de 1893,* 48 Rev. Jur. U.P.R. 113 (1979), *see also,* with regard to the mention of a mortgage, *Hess Klinger v. Sucs. Mestres,* 55 P.R.R. 792, 794 (1940).

However, the mention has not been a favored concept since it was first introduced in Puerto Rico in the Mortgage Act of 1893, as attested by the several legislative attempts to gradually eliminate it.[3] Its demise finally came with the Mortgage Act of 1979 (30 L.P.R.A. § 2001 *et seq.*), whose Article 255 provides in pertinent part that:

> Any mention of a right subject to special and separate registration existing in Registry entries shall have no effect whatsoever, even though it may relate or refer to titles or registrations entered later, when the interested party has not requested that the right be recorded, or no legal action has been initiated to claim his right by noting the suit in the Registry, within six months after the date this act is in force.

As the Act became effective on August 8, 1980, *see* Article 256 of Act No. 198 of August 8, 1979; *Algarin v. Registrador,* 110 D.P.R. 603, 605 (1981), pursuant to the provision just quoted all mentioned rights existing in the Registry at the time of its enactment had to be separately inscribed by the interested parties on or before February 8, 1981 in order to retain the benefits provided by their special status. Although the Act did not forbid interested parties to request the inscription of previously mentioned rights after the expiration of said term, it seems evident such a belated inscription was not to be accompanied by the benefits normally accruing a right mentioned in the Registry under the old Mortgage Act.

---

3. *See e.g.* Act No. 12 of August 29, 1923, Act No. 12 of June 25, 1924, Act No. 19 of July 9, 1936, and Act No. 14 of April 7, 1945, codified through the years as articles 388a, 388b and 388c of the Mortgage Law of 1893. *See also Llinás v. Registrar of Ponce,* 33 P.R.R. 885, 888 (1925), *Olivero v. Registrar,* 50 P.R.R. 637 (1936), *Jusino v. Registrar,* 52 P.R.R. 385 (1937).

We now apply these legal principles to the dispute before us. In this instance, the mortgage executed in favor of Mr. Colón–Díaz had been mentioned in the Registry since 1975, but its separate inscription was not requested until nine years later, in 1984. For nearly six years its beneficiaries had the opportunity of requesting its inscription as a separate right in order to preserve, among other things, its preferred ranking in the Registry, but failed to do so. In fact, it was not until the foreclosure proceedings on the mortgage executed in favor of the Small Business Administration were nearing completion that the heirs of Mr. Colón–Díaz finally requested its inscription. But, by that time, the preferred ranking it had previously enjoyed by virtue of its mention status had been lost, and the Registrar correctly proceeded to register it as a junior lien. As such, it was subject to cancellation once the conveyance deed of the mortgaged property was granted, *see* Article 231 of the Mortgage Law of 1979, 30 L.P.R.A. § 2731, an event that took place on June 19, 1984.

The heirs of Mr. Colón–Díaz, however, have claimed that as they were never notified of the pendency of the foreclosure procedure in any of its stages, the cancellation of the mortgage executed in their favor cannot be ordered. We see no merit to that argument. As the various provisions of the previous and current Mortgage Act clearly establish, *see e.g.* Regulations for Execution of Mortgage Law of 1893, Articles 171, 172; *see also* Articles 210, 212, 214, 220 and 224 of the Mortgage Act of 1979, 30 L.P.R.A. §§ 2710, 2712, 2714, 2720, 2724, a forecloser need only notify the holders of *subsequent* credits appearing in the Registry when it begins its judicial action. Nonetheless, when the government commenced this foreclosure proceeding, on January 17, 1980, the mortgage executed in favor of Mr. Colón–Díaz existed only as a preferred mention in the Registry and, accordingly, there was no express requirement to notify them of it at that time. Later, when notice of subsequent events in the same foreclosure action was required to be served, the mention of the mortgage had lost all its legal effects pursuant to Article 255 of the newly enacted Mortgage Law of 1979. However, as the mortgage did not appear separately inscribed in the Registry as a subsequent credit, the government was not required to notify the heirs of Mr. Colón–Díaz of the proceedings then taking place. By the time the mortgage was finally registered in May 4, 1984, the foreclosure action was nearly completed, and no further notice to subsequent creditors was required of the events then remaining. Therefore, the fact that the heirs of Mr. Colón–Díaz never received notice of any of the events that took place during the pendency of this foreclosure action was mainly due to their failure to register their mortgage at an earlier date, and did not violate any applicable legal provisions.

Accordingly, as the real estate mortgage for $41,000.00 constituted in Deed number 5 of February 25, 1975, and recorded at page 214 of volume 203 of Trujillo Alto, sixth inscription, property number 4,579, constitutes a junior lien which is subject to cancellation upon the foreclosure of the preferred mortgage in favor of Small Business Administration, the same is hereby ORDERED. The Clerk of the Court shall issue a Writ for cancellation of this junior lien ordering the Registrar of the Property of San Juan, section IV, to comply with this Order.

SO ORDERED.