EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Carmen Cosme Mena<br><br>Peticionaria<br><br>v.<br><br>Departamento de la Vivienda y otros<br><br>Recurridos | Apelación<br><br>2024 TSPR 131<br><br>215 DPR ___ |

Número del Caso: CC-2023-0658

Fecha: 10 de diciembre de 2024

Tribunal de Apelaciones:

>   Panel Especial

Representante legal de la parte peticionaria:

>   Lcda. Valéry López Torres

Oficina del Procurador General:

>   Hon. Fernando Figueroa Santiago
>   Procurador General
>
>   Lcdo. Omar Andino Figueroa
>   Subprocurador General
>
>   Lcda. Jannette Ortiz Acosta
>   Procuradora General Auxiliar

Materia: Sentencia con Opinión de Conformidad.

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Carmen Cosme Mena<br><br>Peticionaria<br><br>v.<br><br>Departamento de la Vivienda y otros<br><br>Recurrida | CC-2023-0658 | Certiorari |

Sentencia

En San Juan, Puerto Rico, a 10 de diciembre de 2024.

Expedido el recurso de *certiorari* y evaluadas las posturas de las partes, se revocan las sentencias recurridas por ser incorrectas en Derecho y se devuelve el caso ante el Tribunal de Primera Instancia para la continuación de los procedimientos.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Estrella Martínez emitió una Opinión de Conformidad a la cual se une el Juez Asociado señor Colón Pérez. El Juez Asociado señor Martínez Torres disiente y emite la siguiente expresión a la cual se une el Juez Asociado señor Feliberti Cintrón:

> Disiento respetuosamente. La prescripción adquisitiva (usucapión) corre contra los bienes patrimoniales del Estado, a menos que una ley disponga expresamente lo contrario. Ayala v. Aut. de Tierras de P.R., 116 DPR 337 (1985). En este caso, el Art. 76 de la Ley de Tierras de Puerto Rico, Ley Núm. 26 de 12 de abril de 1941, 28 LPRA sec. 553, dispone expresamente que cualquier cesión ilegal de una parcela en usufructo según la ley, "no conferirá derechos legales de clase alguna a ningún supuesto adquirente...". Me parece que esa prohibición es clara y expresa, al descartar la adquisición de cualquier derecho. Cualquiera significa cualquiera, por lo que necesariamente incluye la usucapión. No es una expresión ambigua, como equivocadamente aseveramos en *Ayala.* Por eso, confirmaría la

sentencia del Tribunal de Apelaciones y revocaría
*Ayala* en cuanto resuelve lo contrario.


                       Javier O. Sepúlveda Rodríguez
                       Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Carmen Cosme Mena<br><br>Peticionaria<br><br>v.<br><br>Departamento de la Vivienda y otros<br><br>Recurrida | CC-2023-0658 | Certiorari |

Opinión de conformidad emitida por el Juez Asociado Señor ESTRELLA MARTÍNEZ, a la cual se unen la Jueza Presidenta ORONOZ RODRÍGUEZ y el Juez Asociado Señor COLÓN PÉREZ.

En San Juan, Puerto Rico, a 10 de diciembre de 2024.

Estoy conforme con el resultado al que ha arribado una mayoría de mis compañeros de estrado en este caso. A mi juicio, la controversia ante nuestra consideración exigía meramente aplicar el precedente de Ayala v. Aut. de Tierras de P.R., 116 DPR 337, 345 (1985). Entiéndase, evaluar —bajo el análisis exigido en etapa de desestimación— si el dominio de un solar que es propiedad del Estado puede ser adquirido a través de usucapión. Mi estudio de las circunstancias particulares de este caso a la luz de la Ley de Tierras de Puerto Rico, Ley Núm. 26 de 12 de abril de 1941, 28 LPRA sec. 241 et seq. (Ley de Tierras), así como de los precedentes de este Tribunal sobre la materia, me lleva a contestar en la afirmativa.

Expuesta la médula de la controversia, veamos los antecedentes procesales que la originaron y las razones que fundamentan mi postura.

I

En el 1952, el Departamento de la Vivienda, al amparo de la Ley de Tierras, le cedió al Sr. Miguel Mena Ramos (señor Mena Ramos) una parcela de 2,139.00 metros (Solar 54) con el propósito de que construyera su casa en el barrio San Antonio de Dorado. Luego, en el 1969, el señor Mena Ramos decidió irse para Estados Unidos y, como no regresaría, le cedió el solar a la Sra. Carmen Cosme Mena (señora Cosme Mena o Peticionaria), su sobrina, para que lo hiciera suyo ya que era ama de casa, estaba separada del padre de su hijo recién nacido y no tenía donde vivir.

Desde el 1969, la señora Cosme Mena construyó su propiedad en cemento y zinc, realizó múltiples arreglos, le instaló agua y luz e, incluso, recibió ayuda a su nombre directamente del Departamento de la Vivienda para la reconstrucción de su casa tras el paso del Huracán Georges en el 1998. Con el pasar del tiempo, efectuó múltiples gestiones para inscribir el terreno a su nombre, mas fueron infructuosas.

Por esta razón, en el 2016, la señora Cosme Mena retomó sus esfuerzos para obtener el expediente del Solar 54 con la intención de finalmente poder inscribir la propiedad a su nombre. Ello implicó hasta la presentación de una acción de mandamus para ordenarle al Departamento de la Vivienda que

proveyera la información solicitada, lo cual culminó con una _Sentencia_ por estipulación accediendo al petitorio. Sin embargo, las gestiones realizadas no rindieron frutos.

Dado lo anterior, en el 2021, la señora Cosme Mena presentó una _Demanda_ sobre sentencia declaratoria y usucapión en contra del Departamento de la Vivienda del Gobierno de Puerto Rico (Estado o Gobierno) y la Sucesión del Sr. Miguel Mena Ramos[1] con la finalidad de que se reconociera su titularidad sobre el terreno y la residencia identificada como _Solar 54_ en Dorado. La señora Cosme Mena expresó que tomó posesión del bien en el 1969 cuando su tío, el señor Ramos Mena, le cedió el solar para que construyera por razón de que esta no tenía donde vivir con su hijo recién nacido. Así las cosas, la Peticionaria solicitó que se le reconociera la titularidad de la propiedad en la que había residido ininterrumpidamente por más de cincuenta (50) años en concepto de dueña, de manera pública y pacífica.

En respuesta, el Gobierno presentó una _Moción de desestimación_ en la que adujo que el _Solar 54_ fue otorgado en usufructo al señor Ramos Mena por el programa de vivienda de la Ley de Tierras y que ese estatuto prohíbe la cesión sin que medie autorización del Estado, lo cual aquí no ocurrió. Por lo anterior, argumentó que la usucapión pretendida era improcedente.

---

[1] La sucesión está compuesta por la Sra. Carmen L. Mena Martínez, la Sra. Daisy Mena Martínez y el Sr. Fernando Mena Martínez.

El 27 de abril de 2022, el Tribunal de Primera Instancia emitió una Sentencia mediante la cual desestimó con perjuicio el reclamo de la señora Cosme Mena. Específicamente, determinó que la cesión en cuestión fue nula por haberse realizado sin el consentimiento de la Administración de Desarrollo y Mejoras de Vivienda (ADMV), según es exigido por la Ley de Tierras. Además, dictaminó que la propiedad no es susceptible a la usucapión por mandato expreso del legislador en la ley antes aludida.

En desacuerdo, la señora Cosme Mena acudió al Tribunal de Apelaciones y señaló que el foro primario erró al resolver que se requiere autorización del dueño anterior o justo título para consumar la usucapión. Además, cuestionó la conclusión de que la Ley de Tierras prohíba la usucapión del bien en cuestión. El Gobierno se opuso por fundamentos similares a los contenidos en el dictamen recurrido.

Así las cosas, el Tribunal de Apelaciones emitió una Sentencia confirmando al Tribunal de Primera Instancia y en la que concluyó que la cesión del Solar 54 fue ilegal por razón de que la ADMV no autorizó el traspaso de la propiedad. Asimismo, estimó que, toda vez que en la Ley de Tierras se codificó expresamente que todo acto legal realizado en contravención a esta norma no tendría efecto legal alguno, era improcedente la teoría de la usucapión planteada por la señora Cosme Mena.

Aún inconforme, la señora Cosme Mena presentó el recurso ante nuestra consideración y señaló como único error

que el Tribunal de Apelaciones falló al confirmar al foro primario con respecto a que se requiere autorización del dueño anterior o justo título para la usucapión extraordinaria y que no se puede usucapir contra la Autoridad de Tierras. Argumentó que lo resuelto por los foros recurridos es contrario a lo pautado por este Tribunal en _Ayala v. Aut. De Tierras de P.R._, infra.

Así las cosas, procedo a exponer el Derecho aplicable a la controversia aquí reseñada.

## II

### A. <u>Prescripción adquisitiva o usucapión</u>

En Puerto Rico, la propiedad y los demás derechos reales sobre los bienes pueden obtenerse mediante la prescripción extraordinaria o, como también es conocida, la usucapión.[2] El efecto principal cuando se consuma la usucapión es la adquisición del dominio a favor de una persona con exclusión de cualquiera otra.[3]

---

[2] Art. 549 del Código Civil de Puerto Rico, 31 LPRA ant. sec. 1931; Art. 1830 del Código Civil de Puerto Rico, 31 LPRA ant. sec. 5241. Se aclara que, para fines de este recurso, se hace referencia únicamente al Código Civil de Puerto Rico de 1930 por ser la ley vigente y aplicable a la controversia que nos ocupa. Véase, Art. 1814 del <u>Código Civil de 2020</u>, 31 LPRA sec. 11719, el cual dispone que "[l]os términos prescriptivos, de caducidad o de usucapión que estén transcurriendo en el momento en que este Código entre en vigor, tienen la duración dispuesta en la legislación anterior; pero si el término queda interrumpido después de la entrada en vigor de este Código, su duración será la determinada en este". Refiérase, además, al Art. 1808 del <u>Código Civil de 2020</u>, 31 LPRA sec. 11713.

[3] <u>Adm. Terrenos v. SLG Rivera-Morales</u>, 187 DPR 15, 26 (2012).

En ambos tipos de usucapión —a saber, la ordinaria o la extraordinaria— se requiere una posesión ininterrumpida, pública, pacífica y en concepto de dueño por el término fijado en la ley.[4] En el caso de la prescripción adquisitiva extraordinaria —la pertinente en la controversia de autos— no se requiere el elemento de buena fe ni justo título.[5] Es por esta razón que al poseedor se le exige un tiempo de posesión más prolongado para que finalmente pueda adquirir la cosa o el derecho, lo cual, en el caso de los bienes inmuebles, es treinta (30) años.[6]

El requerimiento de que el bien se posea en concepto de dueño subyace en que únicamente "la posesión que se adquiere y se disfruta en concepto de dueño puede servir de título para adquirir el dominio".[7] Se considera como dueño en posesión de un inmueble aquel, de acuerdo con la opinión general o la percepción pública entienden que es el dueño, unido a los actos que tal persona realice con relación a la propiedad, independientemente de la creencia que pueda tener el propio poseedor del bien en cuestión.[8]

---

[4] Íd., pág. 29. Véase, además, Sanchez Gonzalez v. Registrador, 106 DPR 361, 375 (1977) (citas omitidas).

[5] Adm. Terrenos v. SLG Rivera-Morales, supra, pág. 28.

[6] Íd.

[7] J. Puig Brutau, Fundamentos de Derecho Civil, 3ra ed., Barcelona, Ed. Bosch, 1989, T. III, Vol. I, pág. 318.

[8] Adm. Terrenos v. SLG Rivera-Morales, supra, pág. 28 (citando a Cordero v. Medina, 99 DPR 113, 119 (1970)). Véase, además Art. 1850 del Código Civil, 31 LPRA sec. 527; Ramos

Como condición para que la usucapión se materialice, es indispensable que estemos ante una cosa o un bien susceptible de apropiación por un tiempo determinado y en acorde con las condiciones establecidas en la ley.[9] En ese sentido, la norma general es que son susceptibles a la usucapión todas las cosas que están en el comercio, a excepción de los bienes de dominio públicos y aquellos que por virtud de ley se establezca expresamente lo contrario.[10]

## B. Ley de Tierras de Puerto Rico

La Ley de Tierras, supra, se creó con el propósito de fomentar el bienestar de los habitantes a través de la estabilidad y justicia social en la zona rural de Puerto Rico. Al amparo de este estatuto se creó un programa cuyo fin fue otorgarle un derecho de usufructo o parcelas a miles de familias puertorriqueñas trabajadoras y de escasos recursos, de modo que tuvieran un espacio para la construcción de su hogar.[11]

En lo que concierne a la controversia bajo nuestra consideración, el Art. 76 de la Ley de Tierras, 28 LPRA sec. 553, señala lo siguiente:

> En las comunidades a establecerse, la [ADMV] cederá en usufructo gratuitamente a

---

v. Ríos, 79 DPR 738, 740-741 (1956); Rivera v. Meléndez, 72 DPR 432, 439-440 (1951).

[9] Art. 1836 del Código Civil, 31 LPRA ant. sec. 5247; J.R. Vélez Torres, Los bienes y los derechos reales, Madrid, Ed. Offirgraf, 1983, T. II, pág. 263.

[10] Arts. 1830 y 1846, 31 LPRA secs. 5241, 5247.

[11] 28 LPRA secs. 521, 551.

los agregados una parcela de terreno de un área no menor de un cuadro ni mayor de tres cuerdas, de acuerdo con la parcelación de los terrenos que la [ADMV] haya creído conveniente efectuar para llevar a cabo los fines de la ley […]. Al agregado que hubiere recibido una parcela en usufructo se le otorgará un contrato de usufructo que preparará al efecto la [ADMV], el cual tendrá fuerza de ley, y en el cual se establecerán las penalidades que la [ADMV] juzgue conveniente imponer para el caso de que se viole el contrato.

El usufructuario no podrá, bajo pena de nulidad absoluta, vender, transferir, permutar, alquilar, ceder, asignar, arrendar ni en modo alguno enajenar o gravar en todo o en parte, el derecho de usufructo que se le conceda, ni la parcela de terreno sobre la cual se le conceda dicho derecho, ni las edificaciones, accesiones o mejoras existentes, o que en el futuro levante o introduzca en la misma, ni ningún derecho, título o privilegio derivado del contrato de usufructo; Disponiéndose, que cualquier violación de esta disposición no conferirá derechos legales de clase alguna a ningún supuesto adquiriente, cesionario o acreedor, sino que, por el contrario, producirá, sin que medie declaración judicial al efecto, la confiscación a favor de la [ADMV] del derecho de usufructo concedido al usufructuario sobre la parcela, así como de todo interés, derecho y acción que sobre la parcela cedida en usufructo, o sobre las mejoras, edificaciones, accesiones o siembras existentes en la misma tuviera o pudiera tener el supuesto cedente y/o cesionario, acreedor y/o deudor, vendedor o adquirente, quedando la [ADMV] en libertad de disponer en dicha parcela, construcción, edificación, siembra o mejoras, sin tener que indemnizar o pagar cantidad de dinero a persona alguna por ningún concepto; Disponiéndose, sin embargo, que la Administración de Desarrollo y Mejoras de Viviendas en el ejercicio de su discreción, podrá autorizar expresamente y por escrito a un usufructuario a transferir, ceder, permutar o asignar su derecho de usufructo

a otra persona que cualifique como tal usufructuario; Disponiéndose, además, que cualquier derecho de usufructo sobre una parcela, así como cualquier casa, mejora, plantación, siembra o edificación enclavada en la misma, que como consecuencia de una violación a las disposiciones de esta sección revierta o pase a ser propiedad de la Administración de Desarrollo y Mejoras de Viviendas como antes se ha dicho, será sorteado entre el número de agregados que la Administración de Desarrollo y Mejoras de Viviendas estime pertinente. Las disposiciones de esta sección serán también aplicables a los sucesores en título de los usufructuarios originales.

En aquellos casos en que el usufructuario de la parcela haya dejado de ocuparla total o parcialmente, y que otra persona no autorizada por la [ADMV] esté ocupando total o parcialmente dicha parcela, se presumirá que ha habido una cesión ilegal por parte del usufructuario de sus derechos sobre dicha parcela, con las correspondientes consecuencias a que se hace referencia en esta Ley.[12]

Como puede verse, el Art. 76 de la Ley de Tierras, supra, preceptúa una serie de normas sobre la forma de instrumentar los bienes cedidos. Entre estas, se incluye una prohibición expresa bajo pena de nulidad absoluta de ceder a un tercero la propiedad otorgada en usufructo, salvo que medie autorización del Estado.[13] Igualmente, se precisa que

---

[12]Se advierte que se optó por separar el párrafo antes citado con el motivo exclusivo de facilitar la comprensión de lo expuesto.

[13]Sobre el requisito de consentimiento de la ADMV para el traspaso de los bienes otorgados en usufructo, refiérase al Art. 78 de la Ley de Tierras, 28 LPRA sec. 555, el cual, en lo pertinente, dispone que "[n]o se podrá otorgar más de un predio a un jefe de familia y aquellas personas solas que cualifiquen ni estas podrán traspasarlo sin el consentimiento de la [ADMV]".

quien se convierta en adquirente en violación de la ley no obtendrá derecho legal alguno sino que, por el contrario, lo que provacará es que el bien sea confiscado y pase nuevamente a ser propiedad de la ADMV sin que sea necesaria la intervención judicial.[14] Con tales remedios se impide que los derechos de usufructos o las parcelas otorgadas a la clase obrera y de entradas anuales limitadas pasen a mano de personas mejor acomodadas que no cumplen con la finalidad de la ley.[15]

### C. Regla 10.2 de Procedimiento Civil de 2009

Por otro lado, nuestro ordenamiento procesal civil permite que una persona contra quien se haya presentado un reclamo judicial solicite su desestimación cuando de las alegaciones de la demanda surja alguna defensa afirmativa que derrotaría la pretensión del demandante.[16] Específicamente, en virtud de la Regla 10.2(5) de Procedimiento Civil se viabiliza que la parte demandada puede fundamentar la desestimación invocando la defensa de que la petición judicial deja de exponer una reclamación que justifique la concesión de un remedio. Bajo ese escenario,

---

[14]Romero v. Canales, 102 DPR 587, 598 (1974).

[15]E.L.A. v. Márquez, 93 DPR 393, 405 (1966).

[16]Eagle Security v. Efron Dorado et al., 2011 DPR 83 (2023) (citando la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V; Trans-Oceanic Life Ins. v. Oracle Corp., 184 DPR 689, 701 (2012)).

la desestimación pretendida se dirige a los méritos de la controversia y no a los aspectos procesales del caso.[17]

Consecuentemente, nuestros pronunciamientos jurisprudenciales han establecido que, al resolver una solicitud de desestimación bajo el fundamento de que se deja de exponer una reclamación que justifique un remedio, los tribunales están obligados a tomar como ciertos, y de manera más favorable para el demandante, todos los hechos bien alegados en la demanda y que hayan sido aseverados de manera clara y concluyente.[18] Asimismo, están llamados a interpretar las alegaciones en forma conjunta y liberal, de la manera más beneficiosa posible para la parte que prosigue la acción.[19]

Al respecto, hemos resuelto que para que proceda una moción de desestimación de esta naturaleza tiene que demostrarse de forma certera que el demandante no tiene derecho a remedio alguno bajo cualquier estado de Derecho que se pudiese probar en apoyo a su reclamación, incluso interpretándose la demanda lo más liberalmente a su favor.[20]

---

[17]Montañez v. Hosp. Metropolitano, 157 DPR 96, 104 (2002).

[18]Eagle Security v. Efron Dorado et al., supra (citando a González Méndez v. Acción Social et al., 196 DPR 213, 234 (2016); Rivera Sanfeliz et al. v. Jta. Dir. FirstBank, 193 DPR 38, 49 (2015)).

[19]González Méndez v. Acción Social et al., supra, pág. 234.

[20]Casillas Carrasquillo v. ELA, 209 DPR 240, 247 (2022); Ortiz Matías et al. v. Mora Development, 187 DPR 649, 654 (2013); Colón v. Lotería, 167 DPR 625, 649 (2006).

Entiéndase, los tribunales deben determinar si, a la luz de la situación más favorable al demandante, y resolviendo toda duda a su favor, la demanda es suficiente para constituir una reclamación válida.[21]

## III

Según se adelantó, la controversia requería que evaluáramos si procedía la desestimación de la Demanda que incoó la señora Cosme Mena por esta dejar de exponer una reclamación que justificara la concesión de un remedio. Ello, con el objetivo de precisar si los foros recurridos erraron al desestimar el reclamo de usucapión sobre el Solar 54, según fue argumentado por la Peticionaria en todas las instancias judiciales.

Conforme a lo expuesto, el señor Mena Ramos era el beneficiario del Solar 54 localizado en Dorado, el cual le fue otorgado al amparo de la Ley de Tierras. En el **1969**, este decidió regalarle a su sobrina, la señora Cosme Mena, el terreno en cuestión para que construyera y tuviera donde vivir con su hijo recién nacido. Desde entonces, y hasta la actualidad, la Peticionaria ha residido en tal propiedad.

A pesar de que la señora Cosme Mena ha realizado múltiples gestiones para inscribir la propiedad a su nombre, estas han sido infructuosas. Es por ello que, en el 2021, esta presentó una Demanda para que se le reconociera su titularidad sobre el terreno y la residencia por la que ha residido por más de cincuenta (50) años.

---

[21]Casillas Carrasquillo v. ELA, supra.

Bajo estas circunstancias, el Tribunal de Primera Instancia se limitó a dictaminar que, toda vez que la Ley de Tierras prohíbe la cesión sin autorización de la ADMV y el señor Mena Ramos le transfirió el bien inmueble obviando ese procedimiento, tal entrega fue ilegal y, por tanto, nula. Asimismo, sentenció que la propiedad en controversia no es susceptible de ser adquirida por usucapión debido al mandato expreso del legislador en la Ley de Tierras.

Inconforme, la señora Cosme Mena elevó su reclamo al Tribunal de Apelaciones. Así las cosas, el foro apelativo intermedio confirmó el dictamen recurrido al determinar que la cesión a favor de la señora Cosme Mena fue ineficaz por haberse llevado a cabo de manera opuesta a lo codificado en la ley. Igualmente, indicó que, debido a que la Ley de Tierras dispone que cualquier acto realizado en contravención a esta norma es nulo y no conferirá derecho alguno, el terreno no es usucapible.

Aún en desacuerdo, la Peticionaria acude a este Tribunal y plantea que la conclusión de que el Solar 54 no se puede usucapir por razón de que la Ley de Tierras prohíbe la cesión es incorrecta en Derecho y contraria a lo resuelto por este Tribunal en Ayala v. Aut. De Tierras de P.R., infra. A mi juicio, le asiste la razón. Veamos.

En primer lugar, cabe precisar que, tras examinar las distintas disposiciones de la Ley de Tierras, me resulta forzoso concluir que, tal y como se desprende de las alegaciones de las partes, el terreno cedido por el señor

Mena Ramos en beneficio de la Peticionaria no fue conforme a Derecho. Y es que, de acuerdo con lo dispuesto en el Art. 78 de la Ley de Tierras, supra, el usufructo del Solar 54 fue cedido en beneficio del señor Mena Ramos y, para su enajenación, se requería que la ADMV así lo autorizara. Aquí no existe duda de que tal autorización no ocurrió y, por consiguiente, la cesión fue ilegal. Véase, Art. 76 de la Ley de Tierras. Superado ese aspecto, veamos cuáles son las consecuencias de ese incumplimiento.

Sobre el particular, el Art. 76 de la Ley de Tierras, supra, establece que una enajenación que incumpla con el requisito de autorización por parte del Gobierno no conferirá derechos legales de clase alguna y, sin que medie declaración judicial al efecto, se confiscará el bien a favor del Gobierno. Es al amparo de lo anterior que el foro apelativo intermedió estimó que la usucapión pretendida era improcedente.

De entrada, conviene recordar que son susceptibles de usucapión todos los bienes en el comercio, a menos que sea de dominio público o una ley expresamente establezca lo contrario. A tono con ello, en Ayala v. Aut. de Tierras de P.R., 116 DPR 337, 345 (1985), este Tribunal revocó la doctrina de nullus tempus imperante hasta ese momento, la cual fue utilizada en una multiplicidad de casos para justificar que la prescripción adquisitiva no operara contra el Gobierno. Al desterrar esta doctrina, el Tribunal sentenció que:

[b]ajo el Código Civil de Puerto Rico **la prescripción adquisitiva opera contra los bienes patrimoniales del Estado** y de los municipios, a excepción, conforme lo dispuesto en el Código Político, de los terrenos baldíos pertenecientes al Gobierno de Puerto Rico.

[…]

**<u>la norma que favorece la prescripción adquisitiva contra el Estado es de tal fortaleza que únicamente se estimará que queda modificada cuando la Asamblea Legislativa así lo disponga en términos expresos, sujeto al análisis constitucional que corresponda</u>**.[22]

Según lo resuelto en <u>Ayala</u>, **"[este es] el principio central que debe regir el examen de contenciones análogas a las formuladas aquí por la Autoridad"**. (Negrillas suplidas). Íd., pág. 347. Por tanto, la norma es clara: los bienes del Estado son susceptibles de usucapión y los tribunales así deberán declararlo de cumplirse con los requisitos doctrinales de la prescripción adquisitiva, a menos que una

---

[22] (Negrillas y énfasis suplidos). Íd., págs. 345-347. Nótese que, en el caso del Art. 9 del Código Político de Puerto Rico, 1 LPRA sec. 6, se estableció expresamente tal prohibición de usucapión:

Si alguna persona, so pretexto de algún derecho incompatible con la jurisdicción del Gobierno de Puerto Rico, usurpare terrenos baldíos o no concedidos, pertenecientes a Puerto Rico, el Fiscal del distrito judicial en que radican dichos terrenos informará de ello en el acto al Gobernador, quien dispondrá que el Secretario de Justicia adopte las medidas necesarias para expulsar al usurpador. No podrá adquirirse títulos a terrenos baldíos estaduales por posesión adversa, o contraria al título de otras personas.

ley expresamente disponga lo contrario y para ello no bastarán inferencias ni textos imprecisos.[23]

Un examen minucioso de la Ley de Tierras revela que si bien en los Arts. 76 y 78 de la Ley de Tierras, supra, se prohibió la cesión y se establecieron las consecuencias en caso de que cedan ilegalmente los bienes cedidos en usufructo por la ADMV, en ninguna parte se prohibió su usucapión. El hecho de que estos no puedan cederse sin la debida autorización no implica, bajo alguna circunstancia, que tampoco puedan usucapirse. Los foros recurridos fallaron en así reconocerlo.

En fin, tomando como ciertos y de la manera más favorable los hechos bien alegados por la Peticionaria en la demanda y a la luz del estándar reconocido en Ayala, concluyo que el Solar 54 —el cual en la actualidad, de conformidad con el Art. 76, pertenecería al Gobierno tras la rescisión del contrato con el usufructuario— puede ser adquirido mediante usucapión por no haberse incluído en el texto de la Ley de Tierras una prohibición expresa que derrote el entendido de que incluso los bienes del Estado son usucapibles. Las generalidades, inferencias y textos imprecisos identificados en la Ley de Tierras son, pues, insuficientes para concluir lo contrario. Por consiguiente,

---

[23]Además, en Ayala v. Aut. de Tierras de P.R., supra, este Tribunal analizó las disposiciones implicadas en el caso y sostuvo lo siguiente "[l]o cierto es que nada en la ley o en la Constitución se encamina verdaderamente a derogar parcialmente, como se hizo en el Art. 9 del Código Político, sobre la prescripción adquisitiva".

procede que se le permita a la señora Cosme Mena el demostrar su cumplimiento con los requisitos de la usucapión.

**IV**

Por todo lo anterior, estoy de acuerdo con el dictamen de este Tribunal y con que se devuelva el caso ante el Tribunal de Primera Instancia para la continuación de los procedimientos conducentes a la demostración del cumplimiento con los requisitos de la prescripción adquisitiva extraordinaria.

Luis F. Estrella Martínez
Juez Asociado