Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| REFRIGERAMA, INC. Y OTROS<br><br>Parte Apelada<br><br>v.<br><br>PEDRO DE PEDRO MARTÍNEZ Y OTROS<br><br>Parte Apelante | TA2026AP00251 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm. BY2023CV03830<br><br>Sobre: Acción de Interpleader - Consignación |
|---|---|---|

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera

Rodríguez Flores, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 28 de abril de 2026.

Comparece ante nos, Pedro José De Pedro Martínez (señor De Pedro Martínez o apelante) mediante *recurso de apelación* y solicita que revisemos la *Sentencia* emitida el 22 de diciembre de 2025, y notificada el 26 de diciembre de 2025, por el Tribunal de Primera Instancia (TPI), Sala Superior de Bayamón.[1] Mediante el referido dictamen, el foro primario declaró *no ha lugar* a la solicitud de desestimación presentada por el señor De Pedro Martínez y, en consecuencia, aceptó y declaró bien hecha la consignación del pago de dividendo distribuido por Refrigerama, Inc. y Empresas R & D de Puerto Rico, Inc. (en conjunto, demandante o apelada) ante la controversia sobre la titularidad y carácter de las acciones.

Examinados los escritos de las partes, así como los documentos que obran en autos, y por los fundamentos que se exponen a continuación, confirmamos la *Sentencia* apelada.

---

[1] *Recurso de Apelación Civil*, SUMAC-TA del recurso TA2026AP00251, Entrada 1.

**I.**

El 12 de julio de 2023, la parte demandante incoó una *Demanda* sobre *interpleader* contra el señor De Pedro Martínez y la Sra. Awilda González Cruz (señora González Cruz), bajo el mecanismo que provee la Regla 19 de Procedimiento Civil, *infra*.[2]

De conformidad con las alegaciones, la parte demandante sostuvo que, durante el mes de mayo de 2023, mediante convocatoria ordinaria, la Junta de Directores de las corporaciones antes mencionadas se reunió, y por votación mayoritaria de tres (3) a favor y uno (1) en contra, resolvió declarar y pagar dividendos. Expuso que, según las participaciones aplicables al señor De Pedro Martínez, a este le correspondía un pago de dividendos por la cantidad de $408,240.00 por las acciones de Refrigerama, Inc. y otro de $198,806.00 por las acciones de Empresas R & D de Puerto Rico, Inc.

No obstante, expuso que prevalecía una controversia genuina entre los codemandados respecto al carácter ganancial o privativo de las acciones corporativas y, por consiguiente, sobre a quién correspondía el pago de los dividendos declarados. Por ello, y ante la posibilidad de ser expuesta a un litigio por realizar un pago incorrecto o a una múltiple responsabilidad, la parte demandante solicitó al foro primario que aceptara la consignación del pago del dividendo distribuido, ascendente a la suma de $607,046.00, y que dispusiera para que los codemandados reclamaran ante sí su derecho sobre tal acreencia.

En esa misma fecha, la parte demandante presentó un escrito mediante el cual informó haber consignado las sumas de dinero correspondientes al pago de dividendos.[3] Así las cosas, el 19 de julio

---

[2] Véase, expediente electrónico del caso MZ2024CV01410 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC), Entrada 1, *Demanda*.
[3] *Íd.,* Entrada 2, *Moción sobre Consignación.*

de 2023, el foro de instancia emitió una *Orden* mediante la cual aceptó la consignación de fondos en el caso, sujeta a ulterior trámite y determinación del tribunal.[4]

El 3 de octubre de 2023 la parte demandante presentó una *Moción en Solicitud de Remedio*.[5] En su escrito, reiteró su petición para que se considerara bien hecha la consignación realizada y se le liberara de cualquier potencial reclamación por parte de los codemandados, así como que se requiriera que fuesen estos quienes litigaran entre sí sus reclamos sobre las cuantías consignadas.

Por su parte, en esa misma fecha, el señor De Pedro Martínez presentó una *Oposición a "Moción en Solicitud de Remedio"*.[6] Asimismo, instó una *Moción de Desestimación*[7] mediante la cual sostuvo, esencialmente, que no procedía la causa de acción de *interpleader* debido a que ambos codemandados se encontraban litigando la controversia principal de la demanda, entiéndase, la titularidad de las acciones, ante otra sala del TPI en el caso número *GB2019CV01507*. A su vez, arguyó que la consignación del pago de dividendos no se efectuó conforme a derecho.

En respuesta, el 23 de octubre de 2023, la parte demandante presentó su *Moción en Oposición a Desestimación*.[8] En esta, alegó que, siempre que se le liberara de toda reclamación en su contra, no se oponía a que se paralizara el pleito de epígrafe mientras la otra sala del foro de instancia emitía un dictamen final sobre la controversia planteada. Así, argumentó que la consignación era el mecanismo disponible para un deudor protegerse de múltiples reclamaciones potenciales y que el procedimiento de *interpleader* era el vehículo provisto por las Reglas de Procedimiento Civil para que reclamantes adversos litiguen entre sí sus reclamaciones.

---

[4] *Íd.,* Entrada 7, *Orden.*
[5] *Íd.,* Entrada 19, *Moción en Solicitud de Remedio.*
[6] *Íd.,* Entrada 20, Oposición a "*Moción en Solicitud de Remedio*".
[7] *Íd.,* Entrada 22, *Moción de Desestimación.*
[8] *Íd.,* Entrada 25, *Moción en Oposición a Desestimación.*

Luego de varias incidencias procesales, el 15 de julio de 2025, el foro primario celebró una vista argumentativa respecto a la moción de desestimación.[9] Examinados los argumentos esbozados ante sí, el 29 de diciembre de 2025, el foro apelado pronunció la *Sentencia [...]* que hoy revisamos.[10] Mediante su dictamen, el TPI razonó que existía una controversia genuina y material sobre la titularidad de las acciones para las cuales se hizo la declaración de dividendos. Razonó que el propósito de la consignación obedecía a la controversia planteada entre los codemandados sobre el carácter ganancial o privativo de las acciones, y, por ende, a la posibilidad de que su titularidad correspondiera a uno o a ambos, así como a la incertidumbre sobre la adjudicación de las proporciones que corresponden a cada uno. Por tal razón, aceptó y declaró bien hecha la consignación del pago del dividendo distribuido por las corporaciones y liberó a la parte demandante de responsabilidad ante los codemandados.

En desacuerdo, el 13 de enero de 2026, el señor De Pedro Martínez presentó una *Moción de Reconsideración de Sentencia Final y/o Moción de Determinaciones Iniciales o Adicionales*.[11] En esta, sostuvo que al momento de presentarse la demanda de epígrafe existía un pleito previo sobre liquidación de la comunidad de bienes post ganancial. De forma que, a su juicio, la parte demandante debió presentar su solicitud de consignación en el pleito previo, pues era en este que los codemandados se encontraban dilucidando la controversia sobre el carácter ganancial o privativo de las acciones. Reiteró que conceder la demanda resultaría en que las partes tuviesen que litigar asuntos que ya se encontraban litigando, por lo que se tornaría en duplicidad de pleitos, dineros y recursos, así

---

[9] *Íd.,* Entrada 57, *Minuta.*
[10] *Íd.,* Entrada 58, *Sentencia Final.*
[11] *Íd.,* Entrada 59, *Moción de Reconsideración de Sentencia Final y/o Moción de Determinaciones Iniciales o Adicionales.*

como el riesgo de determinaciones incongruentes. Concluyó que no procedía la acción de interpelación ni de consignación en un nuevo pleito, pues ya existía un pleito adecuado para ello.

Por su parte, el 2 de febrero de 2026, la parte demandante presentó su *Moción en Oposición [...]*.[12] Arguyó que la moción de reconsideración instada por el señor De Pedro Martínez no identificó error material alguno ni nueva materia sustancial, sino que solo incluyó nuevamente posturas ya atendidas, por lo cual no satisfizo el umbral de la Regla 47 de Procedimiento Civil de Puerto Rico y, en consecuencia, debía ser declarada sin lugar.

Sometido el asunto ante su consideración, el 5 de febrero de 2026, el foro primario emitió una *Orden* denegando la solicitud de reconsideración instada por el señor De Pedro Martínez.[13]

Inconforme aun, el 9 de marzo de 2026, la parte apelante acudió ante este foro revisor mediante *recurso de apelación civil* y señaló que el foro primario cometió el siguiente error:

> Erró, muy respetuosamente, el Tribunal de Primera Instancia, Sala de Bayamón, Hon. Myriam C. Jusino Marrero al declarar no ha lugar la Moción de Desestimación presentada por el Apelante, no determinar que la parte demandante/apelada fue temeraria al presentar la demanda y no imponerle el pago de honorarios y sanciones, así como al dictar Sentencia Final sin seguir el debido proceso de ley.

El 7 de abril 2026, la parte apelada compareció ante este foro intermedio mediante escrito intitulado *Alegato en Oposición a Apelación.*

## II.

### A.

Las *alegaciones* son "los escritos mediante los cuales las partes presentan los hechos en que apoyan o niegan sus

---

[12] *Íd.,* Entrada 61, *Moción en Oposición a "Moción de Reconsideración de Sentencia Final y/o Moción de Determinaciones Iniciales o Adicionales".*
[13] *Íd.,* Entrada 62, *Orden.*

reclamaciones o defensas".[14]  Su propósito es "notificar a grandes rasgos cuáles son las reclamaciones y defensas de las partes".[15]  Por tanto, cualquier alegación mediante la cual una parte solicite un remedio – por ejemplo, una demanda – incluirá una relación sucinta y sencilla de los hechos que demuestran que procede el remedio solicitado y la solicitud del remedio que se alega debe concederse.[16]

Por su parte, la Regla 10.2 de Procedimiento Civil[17], permite que un demandado en una demanda, reconvención, demanda contra coparte, o demanda contra tercero, solicite al tribunal la desestimación de las alegaciones en su contra.  La mencionada regla establece lo siguiente:

> Toda defensa de hechos o de derecho contra una reclamación se expondrá en la alegación responsiva excepto que, a opción de la parte que alega, las siguientes defensas pueden hacerse mediante una moción debidamente fundamentada:
> (1) falta de jurisdicción sobre la materia;
> (2) falta de jurisdicción sobre la persona;
> (3) insuficiencia del emplazamiento;
> (4) insuficiencia del diligenciamiento del emplazamiento;
> **(5) dejar de exponer una reclamación que justifique la concesión de un remedio;**
> (6) dejar de acumular una parte indispensable.[18]

A los fines de disponer de una moción de desestimación por el fundamento de que la demanda no expone una reclamación que justifique la concesión de un remedio, los tribunales vienen obligados a tomar como ciertos todos los hechos bien alegados en la demanda y que hayan sido aseverados de manera clara y concluyente, y considerarlos de la manera más favorable a la parte demandante.[19]  Dentro del ejercicio de su discreción, el foro primario

---

[14] *Conde Cruz v. Resto Rodríguez et al.,* 205 DPR 1043, 1061 (2020), citando a R. Hernández Colón, *Derecho Procesal Civil*, 6ta ed., San Juan, Ed. Lexis Nexis, 2017, Sec. 2202, pág. 279.
[15] *Íd.,* pág. 1062.
[16] Regla 6.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 6.1.
[17] 32 LPRA Ap. V, R. 10.2.
[18] *Íd.* (Énfasis suplido).
[19] *BPPR v. Cable Media*, 215 DPR ___, 2025 TSPR 1 (resuelto el 7 de enero de 2025); *Costas Elena y otros v. Magic Sport y otros,* 213 DPR 523, 533 (2024); *Eagle Security v. Efrón Dorado et al,* 211 DPR 70, 84 (2023); *Cobra Acquisitions v. Mun.*

no deberá desestimar la demanda a menos que se desprenda con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de hechos que puedan ser probados en apoyo de su reclamación.[20] Es decir, la desestimación procede cuando de los hechos bien alegados en la demanda no se puede identificar una relación entre los hechos alegados y el derecho sustantivo que genera la responsabilidad del demandado hacia el demandante.[21] Cónsono con lo anterior, a pesar de interpretar liberalmente la demanda, corresponde la desestimación si no hay remedio alguno disponible en nuestro estado de derecho.[22]

Por consiguiente, es necesario considerar si, a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de éste, la demanda es suficiente para constituir una reclamación válida.[23] Así pues, para que un demandado prevalezca cuando presente una moción de desestimación al amparo de la Regla 10.2 (5), *supra,* debe establecer con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de derecho que pueda probarse en apoyo a su reclamación, aun interpretando la demanda de la forma más liberal posible a su favor.[24]

**B.**

La Regla 19 de Procedimiento Civil, 32 LPRA Ap. V, provee un mecanismo para obligar a partes reclamantes adversas a litigar entre sí. En específico, la referida regla dispone lo siguiente:

> Todas aquellas personas que tengan reclamaciones justiciables contra la parte demandante podrán ser

---

de Yabucoa et al., 210 DPR 384, 396 (2022); *Rivera Sanfeliz et al. v. Jta. Dir. FirstBank,* 193 DPR 38, 49 (2015).

[20] *Cosme mena v. Depto. Vivienda y otros,* 215 DPR ___, 2024 TSPR 131 (resuelto el 10 de diciembre de 2024); *Consejo de Titulares v. Gómez Estremera et al.,* 184 DPR 407, 423 (2012); *Pressure Vessels PR v. Empire Gas PR,* 137 DPR 497, 505 (1994).

[21] *Torres, Torres* v. *Serrano Torres,* 179 DPR 481, 501 (2010).

[22] *Ortiz Matías et al.* v. *Mora Development,* 187 DPR 649, 654 (2013).

[23] *Costas Elena y otros v. Magic Sport y otros,* supra, pág. 534; *Eagle Security v. Efrón Dorado et al,* supra, pág. 84; *Cobra Acquisitions v. Mun. de Yabucoa et al.,* supra, pág. 396; *Pressure Vessels PR v. Empire Gas PR,* supra, pág. 505.

[24] *Costas Elena y otros v. Magic Sport y otros,* supra, pág. 534.

unidas como partes demandadas y requerírseles para que litiguen entre sí dichas reclamaciones, cuando sean éstas de tal naturaleza que la parte demandante estaría o podría estar expuesta a una doble o múltiple responsabilidad. No será motivo para objetar a la acumulación el que las reclamaciones de los distintos reclamantes a los títulos en los cuales descansan sus reclamaciones no tengan un origen común o no sean idénticos sino adversos e independientes entre sí, o que la parte demandante asevere que no es responsable en todo o en parte de lo solicitado por cualquiera de las partes reclamantes. Una parte demandada expuesta a una responsabilidad similar puede obtener el mismo remedio a través de una reclamación contra coparte, contra tercero o una reconvención. Las disposiciones de esta regla suplementan y no limitan la acumulación de partes permitida en la Regla 17.[25]

El procedimiento en cuestión, conocido como *interpleader*, tiene el propósito de "permitir que un demandante o demandado, que estaría o podría estar expuesto a una doble o múltiple responsabilidad, pueda obligar a todas aquellas personas que tuvieren reclamaciones en su contra a litigar entre sí dichas reclamaciones".[26] En otras palabras, permite que una persona al enfrentarse a varias reclamaciones sobre una misma obligación o deuda reúna, bajo una sola acción, a los diversos reclamantes para que éstos litiguen entre sí.[27] De esta manera, se propicia que en un solo pleito se litiguen todas las reclamaciones y que se pueda así resolver la controversia y satisfacer la obligación. [28]

Este mecanismo a su vez permite que el demandante no tenga que arriesgarse a escoger quién, entre todos los reclamantes, tiene la mejor reclamación.[29] Por lo que, cuando el demandante no tenga ningún interés en la reclamación, este mecanismo obligaría a los reclamantes a litigar la controversia, sin que él tenga que inmiscuirse en sus méritos.[30] Correctamente utilizado, este mecanismo puede lograr la pronta resolución de una controversia

---

[25] 32 LPRA Ap. V, R.19.
[26] *Zorniak Air Services v. Cessna Aircraft Co.*, 132 DPR 170, 177 (1992).
[27] *Anselmo García Dist. v. Sucn. Anselmo García*, 153 DPR 427, 431 (2001).
[28] *Zorniak Air Services v. Cessna Aircraft Co.*, supra, pág. 177.
[29] *Íd.*
[30] *Íd.*

entre reclamantes adversos, economizando tiempos y gastos tanto a las partes como al sistema judicial.[31] Este es un mecanismo procesal en equidad, remediador y discrecional, el cual ha de ser utilizado liberalmente para lograr sus propósitos.[32]

### C.

La figura de la consignación judicial procura brindar a un deudor un mecanismo mediante el cual pueda liberarse de su obligación.[33] Así, la consignación es una de las formas de pago reconocida en nuestro ordenamiento jurídico. Esta se ha definido como el depósito de la cosa debida bajo el poder de la autoridad judicial, quien la retendrá y pondrá a disposición del acreedor.[34]

La figura de la consignación está regulada por los Artículos 1131 al 1137 del Código Civil de Puerto Rico.[35] Dichos preceptos establecen que el deudor queda liberado de responsabilidad mediante la consignación en cualquiera de los siguientes casos:

> (a) si el acreedor a quien se hace el ofrecimiento de pago se niega, sin razón, a admitirlo;
>
> (b) si el acreedor está ausente o incapacitado para recibir el pago;
>
> (c) **si varias personas pretenden tener derecho a cobrar**; o
>
> (d) si se ha extraviado el título de la obligación.[36]

El efecto liberatorio de la consignación ocurre en las dos instancias siguientes: (1) mediante la aceptación de la cuantía consignada por parte del acreedor, o (2) por vía de una declaración judicial a los efectos de que la consignación se realizó conforme a derecho.[37] En este último caso, el tribunal deberá evaluar, entre

---

[31] *Íd.*
[32] *Íd.* pág. 178.
[33] *ASR v. Proc. Rel. Familia*, 196 DPR 944, 950 (2016).
[34] *TOLIC v. Rodríguez Febles*, 170 DPR 804, 818 (2007), citando a J. Vélez Torres, *Derecho de Obligaciones*, 2da ed. rev. San Juan, Programa de Educación Continua, Universidad Interamericana, 1997, pág. 186.
[35] 31 LPRA secs. 9181-9187.
[36] 31 LPRA sec. 9181. (Énfasis nuestro).
[37] *ASR v. Proc. Rel. Familia*, supra, pág. 950.

otras cosas, si se cumplieron los requisitos establecidos en el Código Civil para el pago por consignación.[38]

De manera que, una vez realizada la consignación, para que esta libere al deudor deben concurrir además los siguientes requisitos: (a) debe ser previamente anunciada a las personas interesadas en el cumplimiento de la obligación; (b) debe ajustarse estrictamente a los requisitos del pago; y (c) debe hacerse mediante el depósito de lo debido.[39]

Por tanto, la consignación supone una forma de pago que le permite al deudor solicitar a un tribunal que determine la suficiencia del pago y ordene la cancelación de la obligación.[40] Sin embargo, la liberación formal del deudor dependerá de que el tribunal determine que la consignación está bien hecha.[41] Mientras el acreedor no haya aceptado la consignación o no haya recaído una declaración judicial de que está bien hecha, la obligación podrá subsistir si el deudor retira la cuantía consignada.[42] La determinación judicial lo que hace "es declarar que la consignación está bien hecha, reconociéndole los efectos liberatorios que perseguía el deudor desde que deposit[ó] la cosa, por lo tanto, debe surtir efecto desde ese momento".[43]

### III.

Nos corresponde determinar si el foro primario incidió al denegar la moción de desestimación presentada por el señor De Pedro Martínez. *Veamos.*

En su recurso, la parte apelante esencialmente reitera los planteamientos esbozados ante el foro primario, sosteniendo que conceder la demanda tendría como resultado que las partes tengan que litigar asuntos que ya se encuentran litigando, lo que provocaría

---

[38] *Íd.*
[39] 31 LPRA sec. 9182.
[40] 31 LPRA sec. 9185; Véase además *ASR v. Proc. Rel. Familia,* supra, pág. 950.
[41] *TOLIC v. Rodríguez Febles,* supra, pág. 820.
[42] 31 LPRA sec. 9186; Véase además, *ASR v. Proc. Rel. Familia,* supra, pág. 950.
[43] *TOLIC v. Rodríguez Febles,* supra, págs. 819-820.

una duplicidad de pleitos, gastos y uso de recursos, así como el riesgo de determinaciones incongruentes. Señala que el mecanismo de *interpleader* no es aplicable al caso de epígrafe, pues este persigue que las partes litiguen entre sí su derecho a la acreencia. En ese sentido, destaca que, desde noviembre de 2019, se encuentra litigando junto con la señora González Cruz, en un pleito distinto al de epígrafe, las controversias relacionadas con la liquidación del caudal post ganancial. Concluye, por tanto, que la causa de acción de *interpleader* carece de méritos. A su vez, afirma que la parte apelada no cumplió con los requisitos de la consignación.

Por otro lado, la parte apelada sostiene que el foro primario actuó correctamente al denegar la moción de desestimación. Aduce que la parte apelante no logró demostrar que, aun tomando como ciertas las alegaciones de la demanda, esta no expone una reclamación que justifique la concesión de un remedio. Asimismo, afirma que las posiciones encontradas de los codemandados ante el foro primario evidencian claramente el carácter contencioso de la controversia, lo que le obligó a consignar las cantidades correspondientes a los dividendos declarados para protegerse de múltiples reclamaciones. Añade que la consignación y la liquidación de bienes constituyen causas de acción distintas, con partes y propósitos diferentes, por lo que no tenía que intervenir en el pleito entre excónyuges, al carecer de legitimación activa para ello. *Le asiste razón.*

Según antes discutido, al evaluar una moción de desestimación al amparo de la Regla 10.2(5) de Procedimiento Civil, *supra*, el tribunal debe limitarse a examinar las alegaciones de la demanda, tomar como ciertos los hechos bien alegados y determinar si, bajo cualquier interpretación razonable, estos justifican la concesión de un remedio. Este análisis no permite adjudicar credibilidad ni dirimir controversia de hecho, sino únicamente

evaluar la suficiencia jurídica de la reclamación. De forma que, para que un demandado prevalezca cuando presente una moción de desestimación al amparo de la referida regla, debe establecer con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de derecho que pueda probarse en apoyo a su reclamación, aun interpretando la demandada de la forma más liberal posible a su favor.[44]

A la luz de ese estándar, colegimos que la demanda sí expone una reclamación que justifica la concesión de un remedio. De sus alegaciones se desprende la existencia de una controversia real entre los codemandados en torno a la titularidad de ciertas acciones y, en particular, sobre si estas tienen carácter ganancial o privativo. Dicha incertidumbre coloca a la parte demandante en la posición de enfrentar potenciales reclamaciones múltiples e inconsistentes respecto a una misma obligación, lo cual es precisamente el escenario que el mecanismo de *interpleader* procura atender.

Así, lejos de ser improcedente, el recurso de *interpleader* se presenta como el vehículo adecuado para que las partes con reclamaciones adversas diluciden entre sí sus respectivos derechos sobre las acciones o los dividendos en cuestión, mientras se protege a la parte demandante de incurrir en responsabilidad múltiple. El hecho de que exista un pleito paralelo sobre la liquidación del caudal post ganancial no desvirtúa, en esta etapa, la procedencia del mecanismo, ni justifica la desestimación de la demanda.

De otra parte, la parte apelante plantea que el foro primario determinó incorrectamente que se cumplió con los requisitos para que procediera la consignación de los fondos. Sobre este particular, cabe señalar que la parte demandante alegó afirmativamente haber notificado oportunamente a los codemandados que las cantidades

---

[44] *Costas Elena y otros v. Magic Sport y otros,* supra, pág. 534.

correspondientes a los dividendos serían consignadas en el tribunal, ante las controversias existentes sobre su titularidad. Recordemos que una de las causas que dispone el Código Civil para que el deudor sea exonerado de su responsabilidad mediante la consignación de los fondos es cuando varias personas pretenden tener derecho a cobrar.[45]

De manera que, la parte demandante utilizó el mecanismo que provee nuestro ordenamiento jurídico para consignar los fondos, toda vez que existen varias personas que pretenden tener derecho a cobrar los dividendos de las corporaciones. Por ello, la parte demandante presentó oportunamente una *Moción sobre Consignación*, ya que no existía una determinación final con relación al carácter ganancial o privativo de las acciones, lo que podía hacerla susceptible a múltiples reclamaciones.

Así, colegimos que la parte demandante cumplió con los requisitos dispuestos en nuestro Código Civil para ser liberada de su obligación. Es decir, notificó a los codemandados su intención de cumplir con la obligación mediante la presentación de la *Demanda* y la *Moción sobre Consignación*. No obstante, existía controversia respecto a la titularidad o distribución de las acciones y sus correspondientes dividendos. Además, consignó la totalidad de las sumas correspondientes al pago de los dividendos distribuidos por las corporaciones ante el foro primario. Por todo lo anterior, resolvemos que el foro de instancia actuó correctamente al permitir la consignación de dichos fondos, hasta tanto se determine el carácter de las referidas acciones.

Por otro lado, el planteamiento de la parte apelante sobre la alegada duplicidad de pleitos y el manejo de controversias paralelas constituye un asunto que corresponde a la sana discreción del foro

---

[45] 31 LPRA sec. 9182.

de instancia en la administración de los casos ante su consideración. Será en dicho foro donde podrán adoptarse las medidas procesales adecuadas para evitar dilaciones indebidas o determinaciones inconsistentes.

Adviértase además que el tribunal de instancia deberá tomar en consideración que, si bien existe una controversia genuina y material respecto al carácter ganancial o privativo de las acciones de Refrigerama, Inc. y Empresas R & D de Puerto Rico, Inc., también es cierto que existe una determinación final y firme en torno a que treinta (30) acciones de la primera y treinta seis (36) acciones de la segunda fueron adquiridas por el señor De Pedro Martínez, mediante donación de su padre y, por lo tanto, son privativas.[46]

Así las cosas, luego de un análisis detenido del expediente ante nuestra consideración, concluimos que no se cometió el error señalado por la parte apelante en su recurso.

**IV.**

Por los fundamentos que anteceden, se confirma la *Sentencia,* emitida el 22 de diciembre de 2025, pero notificada 26 de diciembre de 2025, por el Tribunal de Primera Instancia, Sala Superior de Bayamón.

Notifíquese.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[46] Véase, *Sentencia* emitida el 15 de febrero de 2024 en el caso KLAN202301092.